MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric R. Jordan, | No.  CV 13-1186-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On June 12, 2013, Plaintiff Cedric R. Jordan, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* (Doc. 2).  On August 5, 2013, he filed a Notice for Status (Doc. 5).  On August 13, 2013, he filed a Motion to Expedite Service (Doc. 6).  On September 23, 2013, he filed a First Amended Complaint (Doc. 7).

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).   The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

JDDL-K

## II.        Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

4    Court should not, however, advise the litigant how to cure the defects.  This type of

5    advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

6    *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

7    decide whether the court was required to inform a litigant of deficiencies).  The Court

8    will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint

9    may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

10   **III.    First Amended Complaint**

11   In his three-count First Amended Complaint, Plaintiff sues the following

12   Defendants: Maricopa County Sheriff Joseph M. Arpaio, the Phoenix Police Department,

13   Phoenix Police Chief Daniel V. Garcia and Homicide Detective Jan Butcher, St. Joseph's

14   Hospital, Community Bridges, Correctional Health Services, Maricopa County, the

15   Arizona Department of Corrections, Arizona Governor Jan Brewer, and the United States

16   of America.

17   In Count One, Plaintiff alleges that his Eighth Amendment rights have been

18   violated.  Plaintiff asserts that the "New World Order Crime Syndicate" has placed a

19   "contract" or "hit" on Plaintiff's life "because of the Plaintiff's knowledge of 'their'

20   illegal operations in Arizona."[1]   Plaintiff asserts that the New World Order Crime

21   Syndicate consists of, among others, Defendants Butcher, Garcia, and the Phoenix Police

22   Department; a group of doctors, nurses, and other professionals at Defendant St. Joseph's

23   Hospital; other professionals all over "the State of Arizona and beyond"; and Defendant

24   Community Bridges.  Plaintiff contends that Defendants Butcher, Garcia, Phoenix Police

25   Department, St. Joseph's Hospital, and Community Bridges conspired to have Plaintiff

---

[1] Plaintiff contends that the New World Order is involved in, among other things, manufacturing counterfeit currency, kidnaping, prostitution, murder, drug trafficking, identity theft, fraud, extorting businesses and professional athletes, and producing pornography by controlling "young pretty females" by injecting them with heroin and methamphetamine so they become "sex-slaves."

murdered in Maricopa County by placing a contract on Plaintiff's life in February 2013 because he had infiltrated many of their illegal business.

Plaintiff states that he was arrested on April 18, 2013, and is housed in the Maricopa County Fourth Avenue Jail.  Plaintiff asserts that he informed a classification specialist at the jail that he needed to be "'housed' in the double door[]s for safety reasons" because there was a contract on his life, but the classification specialist failed to house Plaintiff in a safe environment.  Plaintiff claims he was "assaulted because of that negligence."  Plaintiff claims he was housed for weeks "'in harms way' with other inmate[]s who wanted to 'kill' the Plaintiff . . . so [they] could collect the money for the contract ('hit')," and that Plaintiff submitted several "tank order[]s" to Defendant Arpaio so that he would be aware of a threat to Plaintiff's safety.  Plaintiff asserts that he faced imminent danger because he was housed with known members of the Aryan Brotherhood, a prison gang that is "'close associates' with the New World Order."

Plaintiff also claims that a jail commander, a sergeant, two floor officers, and a tower officer conspired to have Plaintiff killed by the Aryan Brotherhood on "[razor] night."  Plaintiff asserts that on the night closed-custody inmates are permitted to shave with a razor while locked in their cell, the tower officer opened Plaintiff's cell door and the cell door of a member of the Aryan Brotherhood.  Plaintiff asserts that he was "almost 'killed'" but managed to escape from the attack.  Plaintiff claims that four days later, he contacted his attorney, "informed him of the murder attempt," and his attorney contacted the jail and had Plaintiff "moved to the safer double-door[]s."  Plaintiff contends that Defendant Arpaio "failed to prevent his [rogue] jail official[]s from collaborating with the [New World Order]" and that Plaintiff was "nearly 'killed'" by the Aryan Brotherhood.

In Count Two, Plaintiff alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment.  He claims it was cruel and unusual for Defendant Brewer to subject him to an organized crime syndicate that includes officials and employees of the State, County, and City.  Plaintiff asserts that Defendant Brewer has knowledge of the crime syndicate, condoned its existence, and condoned criminal

enterprises at Defendant St. Joseph's Hospital, Defendant Community Bridges, Defendant Arizona Department of Corrections, urgent care, and other State agencies. Plaintiff asserts that Defendant Arizona Department of Corrections is a named defendant because it "is in correlation with prison gang[]s that are under the [New World Order]." Plaintiff asserts that the "Maricopa County Board of Director[]s" also knew about and condoned the New World Order and that Defendant United States of America  is "using the Plaintiff as bait to catch [all] the fish."

In Count Three, Plaintiff contends that his Eighth Amendment rights were violated.  He claims Defendant Correctional Health Services has failed to provide him with adequate health care.  Plaintiff asserts that a doctor examined Plaintiff and diagnosed him as having a ruptured eardrum, informing Plaintiff that it appeared that someone had stuck something down Plaintiff's ear.  Plaintiff contends that Defendant Correctional Health Services failed to provide a surgery for the ear drum and that this was "deliberate indifference."  Plaintiff also claims that during a surgery in September 2012 at Defendant St. Joseph's Hospital, a doctor maliciously and sadistically jammed an object in Plaintiff's ear.

In his Request for Relief, Plaintiff seeks injunctive relief, 16 million dollars to "create safe havens for (sex-slaves) across the country," and for the case to be "under seal."

**IV.    Failure to State a Claim**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

. . . .

. . . .

. . . .

### A.   Defendants Phoenix Police Department, Garcia, Butcher, St. Joseph's Hospital, and Community Bridges

Plaintiff's allegations regarding the New World Order Crime Syndicate against Defendants Phoenix Police Department, Garcia, Butcher, St. Joseph's Hospital, and Community Bridges are implausible and frivolous.  *See Iqbal*; *O'Loughlin v. John Doe,* 920 F.2d 614, 617 (9th Cir. 1990) ("An in forma pauperis complaint is frivolous if it has no arguable basis in fact or law.") (citation and internal quotation marks omitted)).  The Court will therefore dismiss Plaintiff's claims in Counts One and Two against these Defendants.

In Count Three, Plaintiff alleges that a doctor performed a surgery at Defendant St. Joseph's Hospital.  This is insufficient to state a claim against Defendant St. Joseph's Hospital.  To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Defendant St. Joseph's Hospital is not liable simply because a doctor performed a surgery at the hospital.  Thus, the Court will dismiss Plaintiff's claim in Count Three against Defendant St. Joseph's Hospital.

### B.   Defendant Arpaio

Plaintiff alleges that he submitted "tank order[]s" to Defendant Arpaio so Defendant Arpaio would be aware of a threat to Plaintiff's safety by inmates who wanted to kill Plaintiff and collect on the New World Order Crime Syndicate's alleged "contract" on his life, and that Defendant Arpaio failed to prevent his employees from collaborating with the New World Order Crime Syndicate.  Plaintiff's allegations regarding the New World Order Crime Syndicate are implausible and frivolous and his claim against

Defendant Arpaio is too vague and conclusory to rise to the level of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994).

### C.      Defendants Correctional Health Services

Defendant Correctional Health Services is an improper Defendant. Municipalities and other local governing bodies are included among those "persons" who may be sued under § 1983. *Monell*, 436 U.S. at 690-91. Because Correctional Health Services is an administrative subdivision of Maricopa County and not a municipal corporation, a local governing body or a private corporation, it is not a "person" amenable to suit under § 1983. Maricopa County is responsible for providing medical care to county jail inmates. *See* Ariz. Rev. Stat. § 11-291(A). Any actions concerning a county policy must be brought against the county itself and not against an administrative subdivision of the county. Thus, Defendant Correctional Health Services is an improper defendant and will be dismissed from this action.

### D.      Maricopa County

The Court will dismiss as implausible and frivolous Plaintiff's allegation in Count Two that Defendant Maricopa County or the "Maricopa County Board of Director[]s" knew about and condoned the New World Order Crime Syndicate.

In Count Three, Plaintiff alleges that Defendant Correctional Health Services was deliberately indifferent because it failed to provide a surgery for Plaintiff's ruptured eardrum. To the extent this allegation can be construed as a claim against Defendant Maricopa County, Plaintiff has failed to state a claim.

A municipality cannot be held liable unless its "policy or custom caused the constitutional injury." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. *Id*. Thus, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law"

unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *See Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  Plaintiff's claim fails because he has not alleged that the failure to provide him with a surgery was a result of an official policy or custom of Defendant Maricopa County.  Thus, the Court will dismiss without prejudice Defendant Maricopa County.

### E.     Defendant Arizona Department of Corrections

The Arizona Department of Corrections is not a proper Defendant.   Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor*, 880 F.2d at 1045.  Furthermore, "a state is not a 'person' for purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant Arizona Department of Corrections.

### F.     Defendant Brewer

Plaintiff alleges that Defendant Brewer has knowledge of the New World Order Crime Syndicate, condoned its existence, and condoned criminal enterprises at Defendant St. Joseph's Hospital, Defendant Community Bridges, Defendant Arizona Department of Corrections, urgent care, and other State agencies.  Plaintiff's claim is implausible and frivolous and, therefore, the Court will dismiss it.

### G.     Defendant United States of America

The United States, its agencies, and its employees acting within their official capacities, are immune from suit unless the United States waives its sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).  "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not

to be implied.'" *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981)).   Plaintiff has the burden of asserting specific provisions that unequivocally waive sovereign immunity.  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).   Plaintiff has not asserted any basis for a waiver of sovereign immunity. Thus, the Court will dismiss Defendant United States of America.

**V.     Leave to Amend**

Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Counts 1 and 2 are dismissed with prejudice because they are frivolous; Plaintiff is not granted leave to amend them.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above in Count 3.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/ / /

/ / /

## VI.   Notice for Status

In his Notice for Status, Plaintiff "moves with notice for status."  To the extent Plaintiff is seeking information regarding the status of his case, this Order provides Plaintiff with the status of his case.  To the extent Plaintiff is making allegations against the Maricopa County Sheriff's Office Inmate Legal Services (ILS) and an ILS staff member and alleging that there is a conspiracy between ILS, the staff member, and Defendant Phoenix Police Department, the Court will not grant any relief regarding these allegations.

## VII.   Motion to Expedite Service

Plaintiff's Motion to Expedite Service is premature.  Plaintiff's First Amended Complaint has been dismissed.  If he files a second amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A.  If the Court determines that an answer is required, the Court will direct the Clerk of Court to send Plaintiff a service packet containing summonses and request for waiver forms for Plaintiff to complete and return to the Court.  The United States Marshal will effect service if Plaintiff timely completes the service packet and returns it to the Court.

## VIII.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

/ / /

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint on Count 3 in compliance with this Order.

(4)      If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)      Plaintiff's Notice of Status (Doc. 5) is **granted in part**, to the extent this Order provides Plaintiff with the status of his case, and is **denied in part** as to any other relief Plaintiff may be requesting.

(6)      Plaintiff's Motion to Expedite Service (Doc. 6) is **denied as premature**.

(7)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 16th day of October, 2013.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing and Administrative Fees.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                              1

|                                       |        |                                     |
|---------------------------------------|--------|-------------------------------------|
| <u>Phoenix & Prescott Divisions</u>:  | **OR** | <u>Tucson Division</u>:             |
| U.S. District Court Clerk             |        | U.S. District Court Clerk           |
| U.S. Courthouse, Suite 130            |        | U.S. Courthouse, Suite 1500         |
| 401 West Washington Street, SPC 10    |        | 405 West Congress Street            |
| Phoenix, Arizona  85003-2119          |        | Tucson, Arizona  85701-5010         |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>     Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)                     )
                    Plaintiff,              )
                                            )
            vs.                             )  **CASE NO.** _____
                                            )         (To be supplied by the Clerk)
(1)_____, )
(Full Name of Defendant)                     )
(2)_____, )
                                            )  **CIVIL RIGHTS COMPLAINT**
(3)_____, )      **BY A PRISONER**
                                            )
(4)_____, )  ☐ Original Complaint
                    Defendant(s).          )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )  ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 5/1/2013                                      1                          **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
                    (Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
                    (Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
                    (Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
                    (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.    Parties: _____ v. _____
      2.    Court and case number:  _____.
      3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.    Parties: _____ v. _____
      2.    Court and case number:  _____.
      3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.    Parties: _____ v. _____
      2.    Court and case number:  _____.
      3.    Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property       ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?                ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?       ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?   ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

# COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.