MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Cedric R. Jordan,

        Plaintiff,

vs.

Joseph M. Arpaio, et al.,

        Defendants.

No.  CV 13-1186-PHX-DGC (MEA)

**ORDER**

On June 12, 2013, Plaintiff Cedric R. Jordan, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  On August 5, 2013, he filed a Notice for Status.  On August 13, 2013, he filed a Motion to Expedite Service.  On September 23, 2013, he filed a First Amended Complaint.

In an October 16, 2013 Order, the Court granted the Application to Proceed, partially granted the Notice for Status, dismissed the First Amended Complaint because Plaintiff had failed to state a claim, and denied as premature the Motion to Expedite Service.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On November 5, 2013, Plaintiff filed his Second Amended Complaint (Doc. 10). On November 13, 2013, he filed a Notice (Doc. 11).  On December 5, 2013, he filed a Notice of Status (Doc. 12).  On December 17, 2013, he filed a Motion to Expedite

JDDL-K

1  Service of Complaint (Doc. 13).  On December 24, 2013, he filed a Notice of Status of

2  Case (Doc. 14).

3  **I.      Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or an officer or an employee of a governmental entity.  28

6  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

7  has raised claims that are legally frivolous or malicious, that fail to state a claim upon

8  which relief may be granted, or that seek monetary relief from a defendant who is

9  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10        A pleading must contain a "short and plain statement of the claim *showing* that the

11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

12  does not demand detailed factual allegations, "it demands more than an unadorned, the-

13  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

14  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

15  conclusory statements, do not suffice."  *Id.*

16        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

18  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable

20  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

21  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

22  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

23  specific factual allegations may be consistent with a constitutional claim, a court must

24  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

25  at 681.

26        But as the United States Court of Appeals for the Ninth Circuit has instructed,

27  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

28  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff sues Defendants Joseph M. Arpaio and Doctor Berardi. Plaintiff's three counts are essentially the same: Plaintiff contends that Defendant Berardi violated Plaintiff's Eighth Amendment rights when, during a surgery in September 2012 to repair Plaintiff's fractured jaw, Defendant Berardi allegedly "maliciously & sadistically jammed a device in the Plaintiff's left ear," causing Plaintiff's left eardrum to be severely ruptured. Plaintiff claims that eight months later, a health care provider at the jail diagnosed Plaintiff as having a ruptured eardrum and stated that "it appeared to him that someone stuck something down the Plaintiff's ear." Plaintiff seeks monetary damages.

## III.   Failure to State a Claim

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

. . . .

**A.    Defendant Arpaio**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Arpaio personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  Plaintiff only lists Defendant Arpaio on the caption of his Second Amended Complaint and makes no allegations at all against Defendant Arpaio in the Second Amended Complaint.  Thus, the Court will dismiss without prejudice Defendant Arpaio.

**B.    Defendant Berardi**

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  Alternatively, private parties

who are jointly engaged with state officials in the challenged action are acting under color of law.  *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

Plaintiff has stated nothing in his Second Amended Complaint to suggest that he was in custody at the time Defendant Berardi performed the surgery and had been sent to Defendant Berardi by prison or jail officials.  Nor has he alleged that Defendant Berardi was acting under color of state law or was anything more than a private party at the time he performed the surgery.

Even if Defendant Berardi was acting under color of state law when he performed the surgery, Plaintiff has failed to state a claim against him.  Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

1   Deliberate indifference is a higher standard than negligence or lack of ordinary
2   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor
3   gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*
4   *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,
5   622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
6   "medical malpractice" do not support a claim under § 1983).  The indifference must be
7   substantial.  The action must rise to a level of "unnecessary and wanton infliction of
8   pain."  *Estelle*, 429 U.S. at 105.

9   Plaintiff's allegations are too vague and conclusory to state a plausible claim for
10  relief.  It is unclear from Plaintiff's Second Amended Complaint whether Plaintiff was
11  awake during the surgery and, if he was not, how he knows it was Defendant Berardi who
12  allegedly jammed a device in his ear.  It also is not clear whether an item was actually
13  inserted into Plaintiff's ear at all—Plaintiff simply alleges that a health care provider
14  stated eight months after the surgery that "it appeared to him that someone stuck
15  something down the Plaintiff's ear."  Moreover, if something was stuck in Plaintiff's ear
16  during his surgery, Plaintiff does not give any factual details about what happened, such
17  as what that item was, and if that item was being legitimately used in the surgical
18  procedure.  And it is also unclear when Plaintiff's eardrum was actually punctured and
19  when Plaintiff developed symptoms of a punctured eardrum—presumably Plaintiff could
20  have incurred the alleged injury anytime during the eight months between his surgery and
21  his diagnosis.  Because Plaintiff has not alleged enough facts to state a claim for
22  deliberate indifference to serious medical needs against Defendant Berardi, the Court will
23  dismiss without prejudice Plaintiff's claim against Defendant Berardi.

24  **IV.   Leave to Amend**

25  For the foregoing reasons, Plaintiff's Second Amended Complaint will be
26  dismissed for failure to state a claim upon which relief may be granted.  Within 30 days,
27  Plaintiff may submit a third amended complaint to cure the deficiencies outlined above.
28  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third

JDDL-K

amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint."  The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original, First Amended, or Second Amended Complaints by reference.  Plaintiff may include only one claim per count.

A third amended complaint supersedes the original, First Amended, and Second Amended Complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original, First Amended, and Second Amended Complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original, First Amended, or Second Amended Complaints and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.   Plaintiff's Other Filings**

In his November 13 Notice, Plaintiff states that Defendant Berardi's name is correctly spelled "Bernardi," states that he is awaiting a service packet, and requests that the Court place the case on the "fast-track."  Plaintiff should take note that he can correct the spelling of Defendant Berardi/Bernardi's name if Plaintiff files a third amended complaint that raises a claim against this individual.  In light of the Court's dismissal of the second amended complaint, the Court will deny as moot the request to place this case on the "fast-track."

In his December 5 Notice of Status, Plaintiff appears to seek the status of the case and states that he is "very anxious to serve Doctor Bernardi."  Plaintiff's Notice of Status

is granted to the extent this Order provides him with the status of his case.  The Notice of Status is denied to the extent Plaintiff is seeking any other relief in that document.

Plaintiff's December 17 Motion to Expedite Service of Complaint is premature. Plaintiff's Second Amended Complaint has been dismissed.  If he files a third amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A.  If the Court determines that an answer is required, the Court will direct the Clerk of Court to send Plaintiff a service packet containing summonses and request for waiver forms for Plaintiff to complete and return to the Court.  The United States Marshal will effect service if Plaintiff timely completes the service packet and returns it to the Court.

In his December 24 Notice of Status, Plaintiff appears to seek the status of the case.  Plaintiff's Notice of Status is granted to the extent this Order provides him with the status of his case.  The Notice of Status is denied to the extent Plaintiff is seeking any other relief in that document.

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Second Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    Plaintiff's Notice (Doc. 11) is **denied as moot** to the extent he is requesting that the Court place this case on the "fast-track."

(4)    Plaintiff's Notices of Status (Docs. 12 and 14) are **granted in part**, to the extent this Order provides Plaintiff with the status of his case, and are **denied in part** as to any other relief Plaintiff may be requesting.

(5)     Plaintiff's Motion to Expedite Service of Complaint (Doc. 13) is **denied as premature**.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 15th day of January, 2014.

_____
David G. Campbell
United States District Judge

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                              1

<u>Phoenix & Prescott Divisions</u>:        **OR**        <u>Tucson Division</u>:
U.S. District Court Clerk                              U.S. District Court Clerk
U.S. Courthouse, Suite 130                        U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10        405 West Congress Street
Phoenix, Arizona  85003-2119                   Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>         Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,  )
(Full Name of Plaintiff)            )
         Plaintiff,  )
                    )
          vs.     )   **CASE NO.** _____
                    )        (To be supplied by the Clerk)
(1)_____,  )
(Full Name of Defendant)            )
(2)_____,  )
                    )   **CIVIL RIGHTS COMPLAINT**
(3)_____,  )   **BY A PRISONER**
                    )
(4)_____,  )   ☐ Original Complaint
     Defendant(s).           )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

### A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 5/1/2013                     1                       **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
                    (Position and Title)                                   (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
                    (Position and Title)                                   (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
                    (Position and Title)                                   (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
                    (Position and Title)                                   (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? **_____**.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
  a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
      institution?                                                                    ☐ Yes   ☐ No
  b.  Did you submit a request for administrative relief on Count I?                   ☐ Yes   ☐ No
  c.  Did you appeal your request for relief on Count I to the highest level?          ☐ Yes   ☐ No
  d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not.  _____
      _____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?              ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?     ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
        _____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities              ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings       ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                              ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?                   ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?          ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                                  DATE                                                                   SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach
no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you
attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.